BENJAMIN HARNIK, Appellant, *v.* ASTORIA MAHOGANY CO., INC., Defendant.

HICKEY CONTRACTING CO., INC., Respondent.

Supreme Court, Appellate Term, First Department, April 12, 1926.

**Motor vehicles — action for personal and property injuries arising out of rear end collision between motor trucks — sudden stopping of motor truck by defendant without warning was negligence — contributory negligence, as matter of law, cannot be based on distance between trucks.**

In an action to recover damages for personal and property injuries caused when the plaintiff's motor truck collided with the rear end of defendant's motor truck, it must be held that the act of the defendant in stopping his truck suddenly without warning constituted negligence in the absence of any explanation.

It cannot be held, as a matter of law, that the plaintiff was guilty of contributory negligence in running his motor truck close behind that of the defendant.

APPEAL by plaintiff from a judgment dismissing the complaint at the close of plaintiff's case, in the Municipal Court, Borough of Manhattan, First District.

*Budd S. Weisser*, for the appellant.

*Reed, Jenkins, Dimmick & Finnegan* [*William B. Shelton* of counsel], for the respondent.

PER CURIAM. Plaintiff sues for damages to his automobile truck and for personal injuries resulting from a collision with defendant's truck. Both trucks were on the approach to the Queens Borough bridge, running from ten to twelve miles an hour, plaintiff's truck being about five feet behind defendant's, when defendant's truck " made a sudden and short stop without giving me notice."

Upon the testimony of plaintiff's driver that if he had notice he could stop his truck in five feet and if there was nothing in front of him he could stop in eight or nine feet at the rate of speed he was then running, the learned judge ruled that he was guilty of contributory negligence as matter of law. We are unable to concur in this view. There is no rule other than that relating to the exercise of reasonable care which prescribes a distance that must be maintained between vehicles while running along the highway, and quite apart from the driver's testimony that he could have stopped within the intervening space if he had notice, it would seem that the accident occurred not through any negligence of plaintiff's driver, but of defendant's driver in stopping suddenly without notice, an incident which, if unexplained, is palpably due to negligence. If the sudden stopping was caused by any third person and not the fault of defendant's driver, that was a matter for explanation and for the consideration of the jury under all the circumstances of the case.

Judgment reversed and new trial granted, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, LYDON and LEVY, JJ.